# Commonwealth v. Hines

*George O. Wagner,* district attorney for the Commonwealth.
*John McLaughlin,* for defendant.

MYERS, *P.J.,* January 10, 1985—On June 7, 1984, at approximately 1:30 a.m., defendant, Nikki Hines, and her cousin, Valerie Splain, were walking along Mill Street in the Borough of Danville, Pa. A witness claims he observed the girls break two limbs off of a tree and throw a portion of said limbs against a building. He reported this incident to Officer Steven Bennick of the Danville Police Department, who subsequently took the girls into custody and cited them for crimnal mischief, a summary offense. Defendant was found guilty by a district justice, and this appeal followed.

According to Pa.C.S. §3304(a), a person is guilty of criminal mischief if he:

"1. Damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means. . .

2. Intentionally or recklessly tampers with tangible property of another so as to endanger persons or property; or

3. Intentionally or recklessly causes another to suffer pecuniary loss by deception or threat."

Malicious mischief is defined as including all acts which impair the utility or diminish the value of the

property of another to a material extent. Commonwealth v. Kirkland, 33 Beaver Co. L. J. 35 (1973). Although malice must be alleged and proved, such proof need not be by direct evidence. Malice may be inferred from the nature of the injury or act and from the attendant circumstances. Kirkland, supra.

At the hearing and in response to the claims of the Commonwealth's witness above, defendant and her cousin both denied breaking limbs or damaging a tree in any respect. Defendant did acknowledge pulling a leaf from a tree in jest.

Viewing the three subsections of the statute set forth above, it is clear that subsection (1) does not apply because there is no allegation that defendant employed "dangerous means". Likewise, subsection (3) is inapplicable because the Commonwealth presented no proof of deception or threat.

As to subsection (2), even if we accept the Commonwealth's testimony that a limb was broken, the required proof of malice cannot be inferred under these circumstances. If the act was done by defendant, it was done as a whim or prank and not as the result of evil intent. We might also note that there was a severe thunderstorm the afternoon prior to the incident which resulted in significant damage to a number of trees in the immediate area of this incident, all of which helps to create a reasonable doubt in our mind as to the guilt of defendant.

## ORDER OF COURT

And now, January 10, 1985, defendant is found not guilty. Costs to be paid by the County of Montour.